IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH  DIVISION

DENNIS GREEN, JR.,                                )
                                                            )
                     Plaintiff,                           )
                                                            )
          v.                                                )          CV 424-123
                                                            )
DIETRICH KUHLMANN;                       )
NAVY FEDERAL CREDIT UNION;      )
RESURGENT CAPITAL SERVICE;        )
LVNV FUNDINGS; PANIC RECOVERY;  )
and EXPERIAN CONSUMER             )
REPORTING AGENCY,                      )
                                                            )
                     Defendants.[1]                     )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case.  Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants.  See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

---

[1] The Court **DIRECTS** the **CLERK** to update the spelling of Defendant Kuhlmann's name on the docket in accordance with the caption, which is consistent with the complaint.  (Doc. no. 1, p. 2.)

as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." <u>Wilkerson v. H & S, Inc.</u>, 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" <u>Twombly</u>, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. <u>See Bilal v. Geo Care, LLC</u>, 981 F.3d 903, 911 (11th Cir. 2020); <u>Snow v. DirecTV, Inc.</u>, 450 F.3d 1314, 1320 (11th Cir. 2006).

Plaintiff alleges he received a car loan from Defendant Navy Federal Credit Union ("Navy Federal"), which Navy Federal then sold to Defendants Resurgent Capital Service and LVNV Fundings.  (See doc. no. 1.)  Plaintiff is upset Navy Federal sold his loan without his knowledge, and then Defendants Resurgent Capital Service and LVNV Fundings shared negative credit information concerning the loan status with Defendant Experian Consumer Reporting Agency and Defendant Panic Recovery, a repossession company.  (Id. at 5-7.) Apparently, Plaintiff contends that because he discovered Navy Federal is a "nonprofit and unable to loan money," (id. at 5), it had no right to sell his car loan to any other entity, and therefore the entities who bought the loan had no right to repossess and sell the subject vehicle when Plaintiff did not pay on the outstanding balance of the car loan.

Plaintiff does not allege the loan status information is incorrect.  (See generally doc. no. 1.)  Instead, he alleges Navy Federal had no right to sell his loan to Defendants Resurgent Capital Service and LVNV Fundings, the sale is unfair to him because Navy Federal disbursed the original loan proceeds and the Defendant companies that bought the loan never paid him anything, and the sharing of negative credit information with credit agencies constitutes a violation of his privacy rights.  (Id.)  Plaintiff asserts claims for violation of the Privacy Act, misrepresentation of a contract, copyright infringement, and identity theft.  (Id.)

Plaintiff's complaint is premised on fundamental misunderstandings of concepts that are central to the United States banking system.  Banks sell loans and assign rights of payment and collection.  When a borrower fails to pay, banks share this negative credit information with credit reporting agencies.  The borrower's credit score decreases as a result, and this can have a devastating impact on the borrower's finances.  Because Plaintiff alleges nothing aside from

the normal operations of the banking system, his complaint fails to state any claim against any Defendant.

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of July, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA